# IN THE COURT OF APPEALS OF IOWA

No. 21-1440
Filed February 16, 2022

**IN THE INTEREST OF B.C., P.C., T.C., and J.B.,**
**Minor Children,**

**A.B., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.

A mother appeals the termination of her parental rights to four children. **AFFIRMED.**

Andrew J.C. Meyer, Newbrough Law Firm, Ames, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General for appellee State.

Shannon Leighty, Public Defender's Office, Nevada, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to four children, born in 2009, 2014, 2015, and 2019.  She contends the State failed to prove the children could not be returned to her custody pursuant to Iowa Code sections 232.116(1)(f) and (h) (2021).

The department of human services reported "a long history of [d]epartment intervention due to [the mother's] drug use."  The oldest child tested positive for marijuana at birth, the second child "was born positive for THC/marijuana," and the fourth child "tested positive for methamphetamine" at birth.

The case underlying this appeal arose following the birth of the fourth child.  Citing the positive methamphetamine test, the department applied to have the children temporarily removed.  The mother consented to the removal and stipulated to the children's adjudication as in need of assistance.

The department provided reunification services and went so far as to request a six-month extension to facilitate reunification.  The district court granted the request.  The mother continued to test positive for methamphetamine but denied any usage.

The State petitioned to terminate the mother's parental rights and the parental rights of the children's fathers.  The district court granted the petition as to the fathers but denied the petition as to the mother, affording her even more time to work toward reunification.  Six months later, the court concluded the mother's response to certain offered services was "tepid at best."  The court noted that the children had been "removed for over 22 months" and, "[a]s the [guardian

ad litem] point[ed] out, the mother's circumstances [were] even worse . . . than when the court" entered its prior order.

The State filed a second petition to terminate the mother's parental rights. In granting the petition, the court partially stated:

> [The mother] has a lengthy history of drug abuse. She has engaged in drug abuse without regard to her children's welfare both before and after they were born. Her personal history and the history of these cases have not established a significant and meaningful period of sobriety. Her lack of sobriety renders [her] financially unstable; residentially unstable; and without sufficient judgment to ensure her children's safety.

On our de novo review, we find extensive support for the court's detailed findings. For example, the department case manager testified that, of fourteen drug tests with known results, the mother tested positive for methamphetamine on nine and tested positive for some substance on a total of eleven. Over two years, no two consecutive tests were negative.

The mother testified she did "not know why" the drug tests were coming back positive. She acknowledged having contact with the father of the youngest child, who had used drugs and whose parental rights were previously terminated, but stated she did not believe he was using methamphetamine.

The case manager asked a professional to address the likelihood of a positive test "due to the donor being intimate with a partner who was using substances." The professional reported "the amount would not be measurable." The case manager also asked the professional to address whether a positive drug test could result from "residue in the house." She received a report stating that even a person exposed to "extreme METH contaminated housing . . . would not test POS for METH." The case manager opined that the children could not be

safely returned to the mother's custody because the mother had "yet to take full accountability and live a continued sober lifestyle."

We agree with the district court that the State proved the cited grounds for termination.  We affirm the termination of her parental rights to all four children.

**AFFIRMED.**